IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JACOB ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:06CV00227 |
| ) | |
| GE MONEY BANK, Successor in ) | |
| Interest to Monogram Credit ) | |
| Card Bank Of Georgia, ) | |
| ENCORE RECEIVABLE ) | |
| MANAGEMENT, INC., CAC CORP., ) | |
| SMITH, DEBNAM, NARRON, ) | |
| WYCHE, SAINTSING & MYERS, ) | |
| L.L.P., JERRY T. MYERS, Esquire, ) | |
| JOHN DOE, JANE DOE, and ) | |
| ONE UP, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motions to dismiss filed by Defendants Smith, Debnam, Narron, Wyche, Saintsing, & Myers, L.L.P. and its unnamed employees ("Smith Debnam") and Jerry T. Myers, Esquire ("Myers")(collectively, the "Smith Debnam Defendants")(Pleading No. 8); GE Money Bank, Successor in Interest to Monogram Credit Card Bank of Georgia ("GEMB")(Pleading No. 13); and CAC Corp. and its unnamed

employees[1] (collectively, "CAC")(Pleading No. 18). Plaintiff has not opposed Defendants' motions. The Court will therefore treat the motions as uncontested pursuant to Local Rule 7.3(k). The motions are ready for ruling.

## Procedural History

*Pro se* Plaintiff Jacob Adams brought this action on or about March 10, 2006, naming as Defendants GEMB, Encore, CAC, Smith Debnam, Myers, John Doe, Jane Doe and One Up. On April 21, 2006, the Smith Debnam Defendants filed their motion to dismiss, and on May 8, 2006, GEMB filed its motion to dismiss. Both motions sought relief on grounds of insufficient process and service of process, and for failure to state a claim upon which relief could be granted. On April 24 and May 9, 2006, the Clerk of Court mailed letters to Plaintiff advising him of his right, and the consequences of failing, to respond to the motions to dismiss. (Pleading Nos. 10, 15.) On May 31, 2006, Plaintiff filed a motion seeking an extension of time through July 1, 2006, to file a response to the GEMB and Smith Debnam Defendants motions to dismiss. (Pleading No. 16.) The Court granted Plaintiff's motion, and granted Plaintiff an extension of time, to and including July 1, 2006, to file a response. (Pleading No. 17.) CAC filed its motion to dismiss on October 10, 2006, for failure to state a claim upon which relief could be granted. The Clerk of Court mailed a letter on October

---

[1] Plaintiff names Defendants John Doe, Jane Doe and One Up, claiming they are "employed by, hired by, and/or otherwise is (sic) associated with and works for and/or on behalf of" Defendants Encore Receivable Management, Inc. ("Encore"), CAC, and Smith Debnam. (Pleading No.1, Pl.'s Complaint ("Compl."), ¶¶ 6, 8, 11.)

-2-

Case 1:06-cv-00227-WO-PTS   Document 21   Filed 02/06/07   Page 2 of 12

12, 2006, again advising Plaintiff of his right, and the consequences of failing, to respond to CAC's motion to dismiss. (Pleading No. 20.) Plaintiff has not filed a response to any of the motions.

**Statement of Facts**

This action arises from a revolving credit account held by Plaintiff with GEMB. In September 2004, Plaintiff began sending letters to GEMB purporting to dispute the amount owed in its entirety. (Compl., Ex. A.) GEMB responded to Plaintiff, advising him that the balance on his account was suspended pending investigation. (*Id.*, Ex. C.) In October 2004, Plaintiff sent a *de minimus* payment and a purported "settlement agreement" in an apparent attempt to effectuate an accord and satisfaction. (*Id.*, Ex. F.) Plaintiff continued to send letters disputing the debt. The account was then referred by GEMB to Encore, and then later to CAC for collection. CAC mailed two letters to Plaintiff, both on August 27, 2005, seeking payment on the account. (*Id.*, Ex. U.) On September 6, 2005, Plaintiff responded by letter to CAC, demanding that it cease collections efforts and specifically stating he was *not* requesting verification or validation of the debt. (*Id.*, Ex. V.) There is no allegation that CAC had any further communication with Plaintiff.

GEMB then retained Smith Debnam to pursue collection efforts. On behalf of GEMB, Smith Debnam filed a complaint against Plaintiff in Guilford County District Court on December 15, 2005 (the "State Court Action"). The complaint was verified by a representative of GEMB. Plaintiff thereafter filed this action.

In his one hundred thirty-eight paragraph Complaint, Plaintiff appears to allege that CAC and the Smith Debnam Defendants violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"); North Carolina General Statutes Chapters 23 (Debtor and Creditor), 24 (Interest), 25 (N.C. Uniform Commercial Code), 75 (Monopolies, Trusts and Consumer Protection) and 105A (Setoff Debt Collection Act);[2] Federal RICO and criminal mail fraud statutes; and what apparently are Pennsylvania fair debt collection and unfair trade practice statutes.[3] Due to the confusing and garbled manner of pleading, it is impossible for the Court to ascertain precisely what allegations Plaintiff is pleading, and against whom he pleads them.

**Discussion**

Defendants Smith Debnam, Myers, GEMB and CAC seek dismissal of Plaintiff's Complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, based on failure to state a claim upon which relief may be granted. Smith Debnam and GEMB seek dismissal on the additional ground of lack of personal jurisdiction arising from insufficient process and service of process pursuant to Rules 12(b)(2), (4) and (5) of the Federal Rules of Civil Procedure.

---

[2] Plaintiff did not particularize which sections of these rather broad chapters were allegedly violated.

[3] There is no indication from the pleadings that Pennsylvania law would apply in this matter.

Plaintiff served all Defendants by certified mail. Plaintiff's summons to Smith Debnam was directed and addressed to "Smith, Debnam, Narron, Wyche, Saintsing & Myers, L.L.P." The summons to GEMB was directed and addressed to "GE Money Bank." Smith Debnam is a limited liability partnership. GEMB is a federal savings bank which can be organized either as a corporation or an association. *See* 12 U.S.C. §1464(a)(2000).

Although the Federal Rules do not permit service by certified mail upon a partnership or corporation, pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, service may be made "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). Rule 4(j)(7)(c) of the North Carolina Rules of Civil Procedure provides for service upon a partnership by mailing a copy of the summons and complaint by certified mail, "addressed to any general partner or to any attorney in fact authorized by appointment or by law to be served or to accept service on its behalf." Pursuant to Rule 4(j)(6)(c) governing corporations, service may be effectuated by mailing a copy of the summons and complaint by certified mail, "addressed to the officer, director, or managing agent" or "an agent authorized by appointment or law to be served or to accept service of process." Rule 4(j)(8)(c) provides for service upon an association by certified mail, "addressed to the officer, director, agent or member of the governing body to be served."

Plaintiff did not properly serve Smith Debnam or GEMB. The summonses and complaints were not directed or addressed to any of the above-identified individuals as required by Rule 4(j) of the North Carolina Rules of Civil Procedure. North Carolina

requires that service of process statutes be strictly construed and followed. *Greenup v. Register,* 410 S.E.2d 398, 400 (N.C. App. 1991); *Broughton v. Dumont*, 259 S.E.2d 361, 363 (N.C. App. 1979). This is true even where defendants have actual notice of the action. *Hoyle v. United Auto Workers Local Union 5285*, 444 F. Supp. 2d 467, 474 (W.D.N.C. 2006); *Stack v. Union Reg'l Mem'l Med. Ctr., Inc.*, 614 S.E.2d 378, 382 (N.C. App. 2005). When a statute provides for designated methods of service and Plaintiff has failed to comply with those methods, there is no valid service. *Broughton*, 259 S.E.2d at 363. Because neither Smith Debnam nor GEMB was properly served, both of their motions to dismiss Plaintiff's Complaint should be granted. Fed. R. Civ. P. 12(b)(2), (4) and (5).

Defendant Myers' motion to dismiss should also be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's Complaint fails to state a claim against Myers. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). Such motions are granted only when, taking Plaintiff's allegations as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [Plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *DeSole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (quoting *Coakley & Williams, Inc. v. Shatterproof Glass Corp.*, 706 F.2d 456, 457 (4th Cir. 1983)). Notwithstanding this generally liberal approach, a plaintiff's pleading obligations in federal court, while minimal, are not nonexistent. Even a *pro se* plaintiff must, directly or indirectly, allege *facts* that satisfy each element of some

-6-

Case 1:06-cv-00227-WO-PTS   Document 21   Filed 02/06/07   Page 6 of 12

actionable legal theory. *See Dickson v. Microsoft Corp.*, 309 F.3d 193, 212 (4th Cir. 2002). Although the Court must construe Plaintiff's *pro se* complaint liberally, it is not required "to conjure up questions never squarely presented" and "cannot be expected to construct full blown claims from sentence fragments. . . ." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985.) Plaintiff's failure to plead in an intelligible, coherent and manageable manner may warrant dismissal. *See Harris v. Angliker*, Nos. 91-7118, 91-7120, 91-7620, 1992 WL 21375, at *1 (4th Cir. Feb. 10, 1992)(unpublished decision)(affirming dismissal of *pro se* complaint). Bare legal conclusions are not sufficient, and the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

The Complaint consists of thirty-seven pages of indecipherable allegations. However, Plaintiff appears to intend to use this action in an attempt to avoid paying his credit card debt by employing a "no-money-lent" argument. Debtors employing this debt-avoidance scheme contend that when they sign notes, they fund the loan with their own signatures, creating new money for their own account so that when money is advanced, it is the debtor's own money that is used. *See Alcorn v. Washington Mut. Bank, F.A.*, 111 S.W.3d 264, 266 (Tex. Ct. App. 2003)(describing the scheme and dismissing plaintiffs' "patently unmeritorious legal theory").

Plaintiff's attempt to perpetuate this scheme is apparent from documents he sent to GEMB. A purported settlement agreement, attached as Exhibit F to Plaintiff's Complaint, states:

> For purposes of this Agreement, you agree and admit that I am the depositor for the Account, that you risked none of your assets at any time regarding the Account, and that you failed to disclose these material facts to me. You agree that I funded the loan with my signature, accepting it as a demand deposit and entered the deposit as a liability in your accounting ledger and transaction account. You agree your accounting records will show that you simply created any money you claim to have loaned to me from the demand deposit you receive from me in opening this Account. You agree that you owe me an amount equal to the balance on the account for note (sic) that I lent to you.

(Compl., Ex. F.) Claims based on this and similar debt elimination schemes have been universally rejected by courts. *Demmler v. Bank One N.A.,* No. 2:05-CV-322, 2006 WL 640499, at *4 (S.D. Ohio Mar. 9, 2006)(citing cases).

With this background in mind, the Court finds that Plaintiff's Complaint against Myers fails to state a claim for relief under any applicable law, and the action should be dismissed. Plaintiff makes numerous (and often repetitive) allegations under FDCPA, North Carolina statutes, Federal RICO and criminal mail fraud statutes, and inexplicably, Pennsylvania statutes. These allegations are nothing more than bare conclusory statements that track the language of the statutory provisions. Although it is difficult to ascertain which

-8-

allegations relate to Myers,[4] it seems that the only *facts* that Plaintiff alleges as to Myers is that he and Smith Debnam sent a collection letter to Plaintiff (Compl., ¶ 39), to which Plaintiff did not respond, and then subsequently filed the State Court Action. (*Id.*, ¶ 40 .) These factual allegations do not and cannot support the legal conclusions which comprise nearly all of Plaintiff's Complaint. *See Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001). Because Plaintiff's Complaint fails to allege fact sufficient to show any violation by Myers of any of the statutory provisions referenced by Plaintiff, the Court finds that the Complaint fails to state any cognizable claim and should be dismissed. *See Havens-Tobias v. Eagle*, 127 F. Supp. 2d 889, 896 (S.D. Ohio 2001)(dismissing FDCPA claim against attorney who filed suit on behalf of client; Plaintiff's conclusory allegations of FDCPA violations insufficient to state a claim).

As to CAC, the Court and CAC face the same difficulty in determining which allegations relate to CAC. However, it appears that Plaintiff's sole factual allegation as to CAC is that it sent two collection letters to Plaintiff on August 27, 2005. (Compl., ¶ 37 and

---

[4] Plaintiff's Complaint names two debt collection companies, a law firm, an individual attorney and three unnamed employees at each of the companies and firm (with the employees at each identified by the same aliases), and refers to each of them as "Defendant Law Firm." Seventy-six of Plaintiff's allegations refer to "Defendant Law Firm," and another twenty-one allegations refer to "Defendants." It is impossible for the Court or Defendants to determine which allegations relate to which specific Defendants.

Ex. U.)[5]  This allegation, like Plaintiff's allegations against the other Defendants, does not support most of the myriad of legal conclusions alleged by Plaintiff.  However, the Court finds Plaintiff has stated a claim under 15 U.S.C. § 1692g, based on the letters from CAC attached to Plaintiff's Complaint.

15 U.S.C. § 1692g requires, either in the debt collector's initial communication to the consumer, or within five days thereafter, that the debt collector send a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a)(2005).

---

[5] Plaintiff responded to these letters, demanding that CAC cease and desist its collection efforts, but explicitly stating that he was not requesting verification or validation of the debt. (Compl., Ex. V.)  Plaintiff makes no further allegations that CAC mailed any further collection efforts following his letter.

Based upon the two single-page letters from CAC attached as Exhibit U to Plaintiff's Complaint, there is an issue of fact whether CAC included the required notices in its communications with Plaintiff. Accordingly, CAC's motion to dismiss as to Plaintiff's claim under 15 U.S.C. § 1692 should be denied. The motion to dismiss should be granted as to all other claims.

## Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that the motions to dismiss filed by Smith Debnam Defendants (Pleading No. 8) and GEMB (Pleading No. 13) be granted in favor of the Smith Debnam Defendants (including Myers) and GEMB as to all claims, and this action dismissed. **IT IS FURTHER RECOMMENDED** that CAC's motion to dismiss (Pleading No. 18) be denied solely as to the claim under 15 U.S.C. § 1692g, and granted as to all other claims.

Further, it appears that the sole remaining Defendant, Encore Receivable Management Inc., having not filed a responsive pleading to Plaintiff's Complaint, was also improperly served. Therefore, **IT IS ORDERED** that Plaintiff, within thirty days of the date of this Order, show cause why the Complaint should not be dismissed as to Defendant Encore Receivable Management Inc., pursuant to Federal Rules of Civil Procedure 12(b)(2), (4) and (5).

**IT IS ORDERED** that discovery in this matter shall be assigned to and governed by the Standard case management track pursuant to Local Rule 26.1(a). Discovery shall be completed by May 4, 2007.

                                                  /s/ P. Trevor Sharp
                                          United States Magistrate Judge

Date: February 6, 2007